## KELSO vs. BEAMAN.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

A debt as between debtor and creditor is indivisible without the consent of both.

The legal transferee has no greater interest than the voluntary one. The 651st article of the *Code of Practice*, does not change the rights, which under law third persons had to resist partial tranfers of their debt.

The plaintiff alleges the defendant took a mortgage from G. C. Russell, on a tract of land and several slaves, to secure a nominal sum of $7890, when in fact, and which was shortly afterwards ascertained, Russell only owed him about the sum of $3542. In October, 1829, all the interest of Russell

WESTERN DIS
*October,* 1833.

KELSO
*vs.*
BEAMAN

in the mortgaged property was sold at sheriff's sale, and purchased by the defendant, subject to his mortgage claim of $7890, who gave his twelve months bond for the surplus of $2000.

The plaintiff alleges that there remained in the hands of the defendant over and above what Russull actually owed him, a sum equal to three or four thousand dollars. Having an execution against Russell for twelve hundred dollars, he had it levied on the same alleged to be in Beaman's hands, and sold at public sale, all of which Beaman had notice.

Kelso becoming the purchaser under his own execution he now sues the defendant and prays judgment for twelve hundred dollars, with interest and costs.

The defendant pleaded a general denial and had judgment. The plaintiff appealed.

The plaintiff produced in evidence an agreement and settlement between Russell and Beaman, made the 17th of January, 1829, in which it is acknowledged the balance due the latter is $3542 82, after deducting all the claims he had paid for the former. The sheriff's deed dated October 23, 1829, in which Beaman purchased all Russel's residuary interest in the mortgaged land and slaves, was also in evidence.

*Dunbar,* for the plaintiff and appellant.

1. Contended that the defendant by his purchase at sheriffs sale of the property of Russell, subject to his mortgage which had been given for an amount larger by several thousand dollars, than was actually due to him. The defendant became indebted to Russell for the difference between the sum of money actually due, and the nominal amount of the mortgage, and that the plaintiff properly levied his execution thereupon.

2. That the agreement under private signature between Russell and Beaman, could not be binding on third persons; the same not having been recorded, and being without date in law. Further, that the renunciation of Russell in said agreement must be held gratuitous, and from the agreement

itself, it manifestly appeared that their had been collusion between Beaman and Russell, to cover the property from other creditors.

*Thomas*, for the defendant and appellee.

1. The property conveyed to Beaman was to cover actual advances, and others every day occuring. But Russell had, in 1828, discharged Beaman from all responsibility on receiving the surplus of the sales of his property in Beaman's hands.

2. If Russell had a right to receive the surplus, he had an equal right to release and discharge Beaman when he paid it over.

3. And if the release from Russel to Beaman is valid as between themselves, which cannot he doubted, creditors cannot complain unless they allege and show fraud to their prejudice.

PORTER, J., delivered the opinion of the court.

On the 21st August, 1828, one Gilbert C. Russell, mortgaged to the defendant a plantation and slaves. The deed expresses that lien was furnished to secure him for advances he had made on behalf of the mortgager, to the amount of seven thousand eight hundred and ninety dollars.

The 30th October, 1829, several judgment creditors of Russell, seized the slaves which had been mortgaged to the defendant, and proceeded to sell them. At the sale the defendant became the purchaser, for the sum of two thousand dollars above the amount for which they had been previously hypothecated to him.

The succeeding year, the plaintiff, who was also a judgment creditor of Russell, seized and sold all the interest either actual or residuary which Russell had in or to twelve hundred dollars of that sum of seven thousand eight hundred and ninety dollars, which by the act of mortgage, he had declared was due to the defendant Beaman.

This seizure could only have been made on the suspicion that the whole of seven thousand eight hundred and ninety dollars, which Russell acknowledged he had been paid by Beaman, was not so in fact.

This suspicion appears to be well founded, for by the evidence now before us, it appears that the defendant acknowledged by an instrument of writing, that only three thousand five hundred and forty-two dollars and eighty-two cents was due to him, and that he was ready to reconvey the slaves to Russell, as soon as there was paid to him this sum, together with that of two thousand dollars, which he had advanced at the sheriff sale, and other sums for which he had become responsible.

The petition states that the defendant in consequence of the purchase of Russell's residuary interest by the plaintiff is indebted to him in the sum of twelve hundred dollars.

The view we have taken of the case, renders it unnecessary to decide what was the effect of the lien on the debt in the defendant's hands.

The return of the sheriff and his act of sale to the plaintiff state that he secured whatever interest either actual or residuary which G. C. Russell had in twelve hundred dollars of the sum of seven thousand eight hundred and ninety dollars, acknowledged to be due to Beaman by the act of mortgage.

A debt as between debtor and creditor is indivisible, without the consent of both.

It was decided in the case of *King et al.* vs. *Havard,* in this court on principles which are incontestible, and on the highest authority, that a debt as between creditor and debtor, was indivisible without the consent of both. *See* 5 *N. S.* 194.

The legal transferee has no greater interest than the voluntary one. The 651st article of the *Code of Practice,* does not change the rights which under law third persons had to resist partial transfers of their debts

The legal transfer in in our opinion can have no greater interest than the voluntary one. The 651st article of the *Code of Practice,* with all the rest of the section to which it belongs, treats of the rights of the plaintiff and defendant in execution, and cannot on any sound principles be held to change the rights which under law third persons had to resist partial transfers of their debt. The sheriff must sell the entire debt; he could not sell half the defendant's interest in a slave, though the whole might amount to more than the execution in his hands.

The judgment of the court below is unclerical and somewhat abmiguous, we understand it to be one of non-suit, and as such it is ordered, adjudged and decreed, that it be affirmed with costs.